PALEN *v* ZAREMBA EQUIPMENT, INC

Costs—Attorney Fees—Change of Venue—Court Rules.
  Court rule allows assessment of costs and attorney fees against
  the plaintiff by the court when a venue change is ordered
  and the court rule directing that a bill of costs be presented
  to the clerk applies only to instances where costs are to be
  taxed by the clerk (GCR 1963, 404, 526.10).

Appeal from Otsego, Edward H. Fenlon, J. Submitted Division 3 March 7, 1972, at Grand Rapids. (Docket No. 12109.) Decided March 29, 1972.

Complaint by John Palen against Zaremba Equipment, Inc., and International Harvester Credit Corporation for rescission of a contract and return of property. Defendants' motion to dismiss granted. Plaintiff appeals. Affirmed.

*Hile & Sumpter,* for plaintiff.

*Clark, Stroup, Brown & MacKenzie,* for defendants.

Before: T. M. Burns, P. J. and Fitzgerald and Danhof, JJ.

Per Curiam. The plaintiff commenced this action in the Circuit Court in the County of Cheboygan.

Reference for Points in Headnote
56 Am Jur, Venue § 42 *et seq.*

The defendants objected to the venue and the trial court ordered that the venue be changed to Otsego County. Acting pursuant to GCR 1963, 404, the trial court assessed costs and attorneys' fees against the plaintiff in the amount of $150 and ordered that unless the costs and attorneys' fees were paid within 60 days the case was to be dismissed.

After the 60-day period had expired the money had not been paid and the defendants moved to dismiss. The court asked plaintiff's counsel if the money would be paid and received a negative reply. The case was then dismissed with prejudice and the plaintiff has appealed.

The plaintiff contends that costs were waived because a bill of costs was not presented to the clerk as required by GCR 1963, 526.10. The portion of the rule relied on by the plaintiff applies only to instances where costs are to be taxed by the clerk. Rule 404 provides that costs shall be taxed by the court. Therefore, the plaintiff's contention is lacking in merit.

The plaintiff contends that the costs were excessive. This contention lacks merit.

Affirmed.